S11A0467. WONDIUM v. GETACHEW.

(710 SE2d 139)

BENHAM, Justice.

Husband Mesfin Wondium and Wife Ayalnesh Getachew were married in November 1997 in Addis Ababa, Ethiopia. Two daughters were born in Georgia during the marriage, one in December 2000 and the other in May 2005. After Husband was served by publication, he and Wife were divorced by a DeKalb County judgment entered February 9, 2006, with Wife awarded custody of the children.

In November 2008, Husband filed in DeKalb County a petition for modification of custody, for an order setting a visitation schedule, and for child support. Wife filed a counterclaim requesting that she be awarded sole physical custody of the children, that restrictions be placed on Father's visitation, and that Father be ordered to pay child support. In December 2009, Husband filed a motion to vacate the February 2006 default judgment of divorce in which Wife was

awarded legal and physical custody of the children.[1]

A hearing on these various motions was held on January 4, 2010. Immediately prior to the hearing, the judge orally denied Husband's motion to vacate the 2006 divorce decree. The hearing was then set to proceed on the Husband's motion for modification, however, Husband advised the court that, in light of the trial court's decision not to vacate the 2006 divorce judgment, he would abide by the court's decision and that he had no statement to make regarding his petition for modification.[2] The trial court then proceeded with the hearing on Wife's counterclaim for visitation and child support. The trial court issued two orders on January 19, 2010. One order denied the motion to vacate the 2006 judgment of divorce and award of child custody, and the other order "modified" the child custody order, with Wife retaining sole physical and legal custody of the children[3] and Husband having the right of reasonable supervised visitation. Husband was also required to pay monthly child support of $650 to Wife, beginning February 1, 2010. Citing OCGA § 5-6-34 (a) (11), Husband filed a direct appeal in the Court of Appeals, which transferred the case to this Court on the ground that this Court had subject-matter jurisdiction because Husband had sought to vacate the judgment of divorce.

1. In his first enumerated error, Husband contests the divorce court's jurisdiction based on the residency of the two children whom he alleges resided in Ethiopia at the time the divorce was filed and at the time the divorce decree was issued in 2006. Pretermitting whether these allegations are true, Husband's challenges to the

---

[1] Husband asserted that Wife procured the divorce through fraud; that Wife knew Husband's Maryland address, but did not use it to effect personal service of the divorce on him; and that Wife misled the court into believing she had sole custody of the children when, in fact, both children were living in Ethiopia. Husband contended that Wife's failure to provide required information (see OCGA § 19-9-69) concerning the children's custodians and residences for the five years preceding the divorce petition deprived the trial court of subject-matter jurisdiction, rendering the custody provisions of the divorce decree unenforceable.

[2] *Trial Court:* . . . We are now at the final hearing on your final petition for modification, visitation and child support. Is there anything you want to say in a brief opening as to what you are seeking today in your modification action?

*Husband:* Well, Your Honor, if the court does not agree to grant the motion to set aside the judgment of this court, I would abide by the decision the court makes and have no other statement to make here.

*Trial Court:* I have denied your motion to set aside the 2006 divorce. I previously denied that motion and the court will deny it again. Do you want to go forward on your modification case?

*Husband:* I am not here for the modification of custody, ma'am.

[3] Though the trial court's order on the Wife's counterclaim is styled "Custody Modification and Parenting Plan Order," the custody of the children was not in fact modified as Wife retained sole physical and legal custody of the children as provided in the final divorce decree. Because service of the 2006 divorce on Husband was by publication, a visitation schedule and child support could not be established in the divorce proceeding.

divorce court's jurisdiction were rendered moot by the trial court's entry of the 2010 custody modification and parenting plan order. During the 2010 custody modification proceeding, it was uncontested that the children resided in DeKalb County, Georgia, as did Wife, and Husband submitted himself to the personal jurisdiction of the court when he filed his modification pleading and appeared for the hearing on same. See, e.g., OCGA § 19-9-68 (a) (1), (3). Accordingly, the trial court's denial of Husband's motion to vacate the 2006 divorce decree was not erroneous and the judgment is sustained.

2. Husband next complains that the trial court erred when it failed to make "jurisdictional findings" regarding the children's "home state" in the body of the 2010 custody modification and parenting plan order. Although Husband alleges such findings are required generally by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) in a modification of custody order, we find no such authority, especially where, as here, the trial court did not decline jurisdiction on the basis of being an inconvenient forum (OCGA § 19-9-67) or stay the matter because of another custody action in a foreign jurisdiction. Accordingly, the trial court did not err, and its judgment must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 2011.

*Russell H. Hippe III*, for appellant.
*Anthony M. Zezima*, for appellee.